UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMMY SMITH,

    Plaintiff,

v.                               Case No.  3:21-cv-189-MMH-JBT

WAL-MART INC.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On February 26, 2021, Defendant filed Defendant's Notice of Removal – Federal Question (Doc. 1) seeking to remove this case from the Circuit Court for the Eighth Judicial Circuit, in and for Baker County, Florida. See Notice at 1. Defendant asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff has raised violations of federal law in her underlying Complaint and Demand for Jury Trial (Doc. 3). See Notice at 2-3; see also Complaint, Cts. IV-VII. Defendant also maintains that the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's related state law claims under the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01 et seq. See Notice at 3; see also Complaint, Cts. II-III. The Court is satisfied it may properly exercise jurisdiction over these claims.

1

However, upon review, the Court notes that Plaintiff also brings a claim pursuant to Florida's Worker's Compensation statute, Fla. Stat. § 440.025. See Complaint, Ct. I.  Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State <u>may not be removed</u> to any district court of the United States." See 28 U.S.C. § 1445(c) (emphasis added).  Indeed, the Eleventh Circuit has held that such claims must be remanded to state court as the federal court lacks subject matter jurisdiction over them. See <u>Reed v. Heil Co.</u>, 206 F.3d 1055, 1061 (11th Cir. 2000); <u>Alansari v. Tropic Star Seafood Inc.</u>, 388 F. App'x 902, 905-06 (11th Cir. 2010); see also <u>Shaw v. Ring Power Corp.</u>, 917 F. Supp. 2d 1221, 1222-24 (N.D. Fla. 2013). Pursuant to 28 U.S.C. § 1441(c), where an action is removed that includes "a claim that has been made nonremovable by statute," the district court "shall sever" the nonremovable claim and remand the claim to the state court from which it was removed.  See 28 U.S.C. § 1441(c)(1)(B) and (2).  Thus, it appears Count I of the Complaint must be severed from the remainder of the Complaint and remanded to state court.[1]

In light of the foregoing, the parties are directed to **SHOW CAUSE** by a written response filed on or before **March 15, 2021**, why the Court should not

---

[1] The Court notes that if the parties would prefer to litigate all of Plaintiff's claims in one forum, they may either agree to the remand of the entirety of this action, or agree that Plaintiff will voluntarily dismiss this action and directly file the matter anew in federal court. See <u>Shaw</u>, 917 F. Supp. 2d at 1224.

2

sever and remand to state court Count I of the Complaint which sets forth Plaintiff's worker's compensation retaliation claim under section 440.205 of the Florida Statutes.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of March, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies:

Counsel of record